IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ALLEN BRAZ, JR., #1391411, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:11-CV-0993-M (BK) | |
| § | | |
| RICK THALER, Director, TDCJ-CID, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state inmate, filed a *pro se* motion for extension of time to file a petition for writ of habeas corpus. For the reasons set out below, it is recommended that the motion for extension of time be dismissed for want of jurisdiction.

**I. DISCUSSION**

Rather than submitting a petition for writ of habeas corpus under 28 U.S.C. § 2254, Petitioner filed a motion for extension of time to do so. Because his attorney filed a state habeas application on March 11, 2010 – shortly before the March 17, 2010, deadline for filing a federal habeas petition – Petitioner asserts that he will have only "six days to prepare and file the federal writ once the Court of Criminal Appeals hands down a decision." (Doc. 2 at 2.) He, thus, requests an unspecified extension of time to file his federal petition.[1]

---

[1] Petitioner neither paid the $5.00 filing fee, nor submitted a motion for leave to proceed *in forma pauperis*. Through the Kaufman County website, the Court confirmed that Petitioner's

The Court cannot interpret Petitioner's request for an extension as commencing a federal habeas corpus action under section 2254.[2] An application for writ of habeas corpus must be in the form of a petition and specify each ground for relief available to the petitioner and the factual basis for each ground for relief. *See* Rule 2(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Court [hereinafter Habeas Rules]. Petitioner's motion only requests an extension of time to file a section 2254 petition. (Doc. 2 at 1.) It sets out neither the grounds for habeas relief nor the facts in support.

To the extent Petitioner seeks an extension of the federal one-year statute of limitations, his motion fails to present a case or controversy. Federal courts "do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Princeton University v. Schmid,* 455 U.S. 100, 102 (1982). Rather, a party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Juidice v. Vail,* 430 U.S. 327, 331 (1977); *see also United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitation as to future claims by persons not party to the case before the court). Here, until Petitioner actually files a federal petition, there is no adverse party before the Court, nor is there a concrete dispute for the Court to decide. Absent a "case or controversy," the Court lacks subject matter jurisdiction to grant any relief. *See Mathis v. Thaler*, No. 3:10-CV-0060-P, 2010 WL 742405, at *1-2 (N.D. Tex. 2010) (dismissing motion for extension of time to file section 2254 habeas petition for want of jurisdiction); *Randle v.*

---

state habeas application is still pending in the convicting court. *See* Case No. 23420A-422.

[2] Neither the Habeas Rules nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition.

*Quarterman*, No. 3:09-CV-0368-K, 2009 WL 637179, at *1 (N.D. Tex. 2009) (same).[3]

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** *sua sponte* for want of jurisdiction Petitioner's motion for extension of time to file a federal habeas petition (Doc. 2).

SIGNED May 20, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court does not express any opinion as to the timeliness or untimeliness of the petition which Petitioner may file at a later date. The statute of limitations under section 2244(d) is an affirmative defense, which can be raised *sua sponte* by the court or in response to a section 2254 petition. Although "finality" of a conviction is one event which triggers the running of the one-year period, i.e. section 2244(d)(1)(A), the statute identifies three other dates from which the one-year period may commence to run. *See* § 2244(d)(1)(B)-(D). Also in exceptional circumstances, the running of the one-year period may be equitably tolled. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE